**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| VS. | § § § § § | CRIMINAL ACTION NO. H-05-324-005 |
| SILVIANO GUZMAN | | |

**MEMORANDUM AND OPINION**

Defendant Silviano Guzman has moved for reconsideration of his August 15, 2006 sentence. This court has carefully reviewed Guzman's motion for resentencing, the government's opposition, the record, and the applicable law. Based on that review, this court denies the motion for the reasons set out below.

Guzman pleaded guilty to the charge of conspiracy to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Guzman entered into a written plea agreement under which he waived the right to appeal or collaterally attack his conviction or sentence in any postconviction proceeding. The written plea agreement also stated the statutory minimum and maximum for the sentence and that there were no guarantees or promises as to what sentence Guzman might receive.

During the rearraignment, Guzman stated, under oath, that he and his lawyer went over the written plea agreement and that he understood its terms. Guzman also received this court's oral admonishments. This court told Guzman that there was no certainty as to what

sentence he would receive and that he was waiving the right to appeal or challenge his sentence, or to withdraw his guilty plea, even if the sentence was higher than he expected. The court also advised Guzman that there were no promises or guarantees that the cooperation he gave the government would result in a lesser sentence. Guzman stated that he understood each of the oral admonishments. This court sentenced Guzman to 120 months in prison and five years of supervised release, the statutory minimum.

     The safety valve under U.S.S.G. § 5C1.2 did not apply to make Guzman eligible for a sentence below the statutory minimum because Guzman had not fully debriefed. Guzman now claims that he withheld information at the debriefing meeting with the Assistant United States Attorney because he feared that disclosing incriminating information would increase his sentence. He asks this court to give him another opportunity to debrief fully and then to resentence him so that he may benefit from the safety valve.

     The record shows that Guzman debriefed on August 7, 2006. Before the debriefing, both the Assistant United States Attorney and Guzman's attorney told him that he must fully and truthfully disclose all the information he had about the charged crimes to obtain the benefit of the safety valve. Guzman acknowledged his understanding. Guzman admits that he was not forthcoming during the debriefing and did not qualify for the safety valve. In this motion, Guzman claims that he misunderstood this court's admonishments during the rearraignment to mean that statements he made during debriefing could increase his sentence, so that "the more honest he was, the greater his sentence would be." (Docket Entry No. 185 at 1).

The purpose of the § 5C1.2 safety-valve provision is to allow defendants who otherwise qualify to obtain a lesser sentence—including one below the statutory minimum—if they fully debrief. *United States v. Rodriguez*, 60 F.3d 193, 196 (5th Cir. 1995); U.S.S.G. § 5C1.2(a); 18 U.S.C. § 3553(f). Although the government may recommend that the safety valve does not apply, the court makes "its own independent determination" as to whether a defendant has met the requirements. *United States v. White*, 119 F.3d 70, 73 (1st Cir. 1997); U.S.S.G. § 5C1.2(a) (explaining that the safety valve must be applied "if the court finds that the defendant meets the criteria").

The safety valve's fifth element, and the only one at issue here, requires that:

> [N]ot later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5).

It is the defendant's burden to prove the facts supporting the safety-valve reduction, including that he has truthfully and timely provided the government with all relevant information and evidence. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006); *United States v. Brenes*, 250 F.3d 290, 293 n.1 (5th Cir. 2001); *United States v. Flanagan*, 80 F.3d 143, 146–47 (5th Cir. 1996). "[W]e have made it pellucid that nothing short of truthful and complete disclosure will suffice (and, therefore, that truthful and complete

disclosure is a condition precedent to relief under the safety valve). . . . Consequently, a safety valve debriefing is a situation that cries out for straight talk; equivocations, half-truths and veiled allusions will not do." *United States v. Matos*, 328 F.3d 34, 39–40 (1st Cir. 2003). The deadline for compliance with the safety valve is "the moment the sentencing hearing starts." *Id.* at 39. The plain language of § 5C1.2 makes clear that "all information" must be provided "not later than the time of the sentencing hearing." U.S.S.G. § 5C1.2(a)(5). Guzman has not complied with the provision's requirements.

Several circuits have addressed whether fear of self-incrimination, as well as fear of putting loved ones in danger or fear of cruel and unusual punishment, are valid bases for disregarding or reducing the safety-valve debriefing requirements. The majority hold that a person who fails to provide information due to one of these fears does not meet the criterion and does not obtain the benefit of the safety valve. *United States v. Warren*, 338 F.3d 258, 263–67 (3d Cir. 2003) ("The Safety Valve is not a right; it is a privilege. The Fifth Amendment is not implicated by a defendant's choice between seeking its benefits or embracing silence."); *United States v. Cruz*, 156 F.3d 366, 371–75 (2d Cir. 1998) ("[T]he safety valve provision furthers a legitimate government goal and does not impose an unconstitutional condition on defendants seeking to take advantage of it."); *United States v. Washman*, 128 F.3d 1305, 1307 (9th Cir. 1997) ("[S]ection 3553(f)(5) does not raise constitutional concern because it does not mete out additional punishment if a defendant decides not to disclose under § 3553(f)(5)."); *United States v. Arrington*, 73 F.3d 144, 149 (7th Cir. 1996) ("[R]equiring defendants to admit past criminal conduct in order to gain relief

4

from statutory minimum sentences does not implicate the right against self-incrimination."). The Fifth Circuit has sustained the full-disclosure requirement against an argument that it subjects a defendant to cruel and unusual punishment and involuntary servitude. *United States v. Stewart*, 93 F.3d 189, 195 (5th Cir. 1996).

The Eleventh Circuit has remanded a case to provide a defendant a second chance to debrief to try to qualify for the safety valve. In *United States v. Garcia*, 405 F.3d 1260 (11th Cir. 2005), a jury had found one of the defendants guilty of various drug offenses. *Id.* at 1268–69. At sentencing, the trial court refused to apply the safety valve because the defendant had failed to disclose information completely during debriefing. At that time, before the court pronounced sentence, defense counsel moved for a continuance so that his client might have another opportunity to debrief. The court denied the request and imposed a sentence that did not include the safety-valve reduction. On appeal, the Eleventh Circuit reversed and remanded for resentencing, explaining that the temporal requirement in § 5C1.2 did not preclude the trial court from exercising its discretion to delay the sentencing *before* the court entered the sentence to allow another chance to debrief. But the Eleventh Circuit went on to caution that such delays for belated or repeated debriefing should not become the norm. Several unusual facts justified remand in *Garcia*. The defendant's counsel mistakenly believed that the government had already received all the information it desired from the defendant, so counsel did not advise the defendant to debrief more fully. In addition, there was no evidence suggesting that the defendant's failure to debrief fully was an attempt to mislead or manipulate the government. *Id.* at 1275.

Neither *Garcia* nor other authority support Guzman's motion for resentencing. In *Garcia*, the trial court had not yet sentenced the defendant when his counsel asked for the continuance. In the present case, this court had already sentenced Guzman before he asked to debrief again to try to qualify for the safety valve. Unlike the defendant in *Garcia*, Guzman and his lawyer both knew that the government needed more information for Guzman to debrief adequately. And unlike the defendant in *Garcia*, Guzman has exhibited a pattern of minimizing his own conduct in his several statements to the government; his unwillingness to debrief fully was consistent with what the government characterized as an ongoing effort to mislead by minimizing his own involvement.

Motions for reconsideration or reduction of sentences are addressed to the district court's discretion. FED. R. CRIM. P. 35; *United States v. Cumbie*, 569 F.2d 273, 274 (5th Cir. 1978). Guzman had a full opportunity to debrief. His asserted lack of understanding about the consequences of inadequate debriefing is not a credible or persuasive basis to vacate his sentence so that he can attempt to debrief again. Guzman's motion for resentencing is denied.

SIGNED on October 10, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge